[Civ. No. 10194. First Appellate District, Division Two.—May 19, 1936.]

AMERICAN SOLVENTS & CHEMICAL CORPORATION et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and M. SUSANJ, Respondents.

R. P. Wisecarver for Petitioners.

E. A. Corten and Emmet J. Seawell for Respondents.

NOURSE, P. J.— On June 25, 1933, one Susanj, an employee of petitioner, was operated on for appendicitis. He returned to work in August. A pain developed in his right arm and he laid off work until October 29, 1933. On November 22, 1933, petitioner arranged to have him examined by

the company doctor. On December 4, 1933, the company notified Susanj that it did not admit any liability for his condition. On September 11, 1934, Susanj filed a claim for compensation. On March 30, 1935, the commission denied his application, but on rehearing made the award of $11.40 a week which is here under review.

The petitioner attacks the award upon the ground that the claim of the employee is barred by the six months statute of limitations found in the Workmen's Compensation Act. Though the commission expressly found that the claim was filed within six months from the last treatment, all the facts unquestionably required a contrary finding. In fact, no treatment was given the employee at any time. On November 22, 1933, the employer requested the employee to report to its physician for an examination and opinion, and such an examination was held on November 25th. On December 4, 1933, the employer notified the employee that, as a result of this examination, it appeared that his disability had no relation to his employment, and that liability, therefore, was declined. The claim for compensation was made ten months later.

The respondent placed some reliance upon the testimony of the physician that when he examined the employee he advised him to discontinue working until December 1st, and suggested that a rest might improve his condition. This is the "treatment" which the respondent cites as tolling the running of the statute of limitations. There are several answers to the argument, but it is sufficient to state that the examining physician had no authority to "treat" the employee and that his suggestion that the employee discontinue working was not intended as a treatment by the physician or by the employer, nor accepted as such by the employee.

The award is annulled.

Sturtevant, J., and Spence, J., concurred.